Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John Z. Lee | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7743 | **DATE** | 11/20/12 |
| **CASE TITLE** | Eric George Golden (B-05324) vs. Salvador Godinez, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes the trust fund officer at Plaintiff's place of confinement to make deductions in accordance with this order. The Clerk is directed to mail a copy of this order to the trust fund officer at the Stateville Correctional Center. The complaint is dismissed without prejudice to allow Plaintiff to submit an amended complaint in accordance with this order. Plaintiff is given 30 days from the date of this order to submit an amended complaint. Plaintiff's failure to comply with this order will result in a dismissal of this case. The clerk shall send Plaintiff an amended complaint form.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Plaintiff, Eric George Golden, an amputee and Illinois prisoner incarcerated at the Stateville Correctional Center, has filed this action against the Illinois Department of Corrections ("IDOC") Director Salvador Godinez, former IDOC Director Michael Randle, Stateville Warden Marcus Hardy, Stateville Americans with Disabilities Act Coordinator Nancy Parovich, IDOC Transfer Coordinator Sandra Funk, and former Menard Correctional Center Warden David Rednour. Plaintiff alleges that since being assigned to be housed at the Menard Correctional Center in 2005, all of his requests to be transferred to an ADA facility, namely, the Dixon Correctional Center, have been denied. In November 2011, he was transferred to Stateville. His additional requests to be transferred from Stateville (again to Dixon) have also been denied. Plaintiff states that medical doctors at both Menard and Stateville have indicated that Plaintiff may benefit from being housed at an ADA facility. Responses to Plaintiff's grievances indicate that grab bars were to be installed in both his cell and the showers. Plaintiff alleges that bars have been installed in only the showers.

Plaintiff seeks to file his complaint *in forma pauperis* ("IFP"). The Court finds that Plaintiff is unable to prepay the filing fee and grants his motion for leave to proceed IFP. Plaintiff is assessed an initial partial filing fee of $12.20. The trust fund officer at Plaintiff's place of confinement is directed to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of this Court. Thereafter, the trust fund officer shall collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments from Plaintiff's account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and Stateville officials shall notify transferee authorities of any outstanding balance in the event he is transferred.

Under 28 U.S.C. § 1915A, this Court must conduct a preliminary review of the complaint to determine if it, or any claim therein, is frivolous or malicious, fails to state a claim upon which this Court can grant relief, or seeks monetary damages from a party immune from such relief. In this case, Plaintiff has not stated a claim upon which relief can be granted by this Court. Plaintiff seeks to bring claims under 42 U.S.C. § 1983, the ADA and the

| STATEMENT |
|---|

Rehabilitation Act. Even assuming his allegations are true, they do not establish cognizable claims.

The Court evaluates Plaintiff's § 1983 claim challenging the constitutionality of his conditions of confinement under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) ("the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment"). The Eighth Amendment requires that the conditions of a prisoner's confinement must be at least "humane" with "adequate food, clothing, shelter, and medical care." *Id.*; *Sain v. Wood*, 512 F.3d 886, 893-94 (7th Cir. 2008). To state a claim under § 1983, Plaintiff must allege facts that, if true, establish both: (1) that the conditions at issue were "sufficiently serious" such that they denied him the "minimal civilized measure of life's necessities," and (2) if the conditions were sufficiently serious, that the defendants acted with deliberate indifference to those conditions, *i.e.* that they actually knew of the conditions but refused to take reasonable steps to resolve them. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer*, 511 U.S. at 834).

Plaintiff's allegations that neither Menard nor Stateville are ADA-compliant facilities; that he made requests at both places to be transferred to Dixon, which he understands is an ADA facility; that his requests were denied; and that doctors at both facilities have indicated that he may benefit by being at an ADA facility do not indicate that he was denied the minimal civilized measures of life's necessities, including adequate food, clothing, shelter, and medical care. *See Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 672 (7th Cir. 2012); *Townsend*, 522 F.3d at 773. Plaintiff states that instead of transferring him to an ADA facility, the warden and ADA coordinator at Stateville installed grab rails in the showers, which Plaintiff uses, and have stated that they will install grab rails in his cell. Such accommodations satisfy the requirements of the Eighth Amendment and do not amount to a denial of the minimal civilized measure of life's necessities.

The Court next considers Plaintiff's claims under the ADA and the Rehabilitation Act. The relief available under these two provisions is coextensive and the analysis governing each statute is the same, except that the Rehabilitation Act includes as an additional element the receipt of federal funds, which all states accept for their prisons. *See Jaros*, 684 F.3d at 671-72; *Garfield v. Cook County*, No. 08 C 6657, 2009 WL 4015553, at *2 (N.D. Ill. Nov. 19, 2009); *see also* 42 U.S.C. § 12132 (ADA) and 29 U.S.C. § 794 (Rehabilitation Act).

To state a claim under the ADA and Rehabilitation Act, Plaintiff must allege facts that demonstrate: (1) he was or is a qualified individual with a disability (2) who was denied participation in services, programs, or activities at the prison (3) because of his disability. *Jaros*, 684 F.3d at 672. "Although incarceration is not a program or activity, the meals and showers [as well as other activities] made available to inmates are." *Id.*

Plaintiff alleges that as an amputee, he is disabled, and that, as stated above, his requests for transfer were denied. These allegations do not indicate that he was denied services, programs, or activities in violation of the ADA or the Rehabilitation Act. The warden and ADA coordinator at Stateville where Plaintiff is currently housed have installed grab rails in the showers, which Plaintiff uses, and intend to install grab rails in his cell. Plaintiff does not allege that Stateville has ignored his disability or that he is unable to shower. Thus, Stateville's accommodations satisfy the requirements of the Rehabilitation Act and the ADA. *See Jaros*, 684 F.3d at 672.

Given that Plaintiff does not allege that he has suffered any cognizable constitutional deprivations or violations of the ADA or the Rehabilitation Act as a result of not being transferred, his complaint cannot proceed as currently drafted. The complaint, therefore, is dismissed without prejudice to allow Plaintiff to submit an amended complaint that states a cognizable claim. Plaintiff is given 30 days from the date of this order to submit an amended complaint. His failure to do so will result in the dismissal of this case. The clerk shall forward to Plaintiff an amended complaint form. If Plaintiff chooses to proceed with this case, he must submit an original amended complaint, as well as a judge's copy and a service copy for each named Defendant.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. If accepted, the Court will refer only to the amended complaint to determine the claims and parties of this case. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.