# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John Z. Lee | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7743 | **DATE** | 4/5/13 |
| **CASE TITLE** | Eric George Golden (B-05324) vs. Salvador Godinez, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to submit a second amended complaint [8] is granted, and he may proceed with his second amended complaint. The clerk shall enter the amended complaint attached to Plaintiff's motion [8] as a separate docket entry. Summonses shall not yet issue. The Court grants Plaintiff's motion for the assistance of counsel [7] and requests that Arthur F. Radke, Robbins, Salomon & Patt, Ltd., 180 N. LaSalle Street, Suite 3300, Chicago, IL 60601, (312) 782-9000, represent Plaintiff in accordance with counsel's trial bar obligations under Local Rules 83.11(g) and 83.37 (N.D. Ill.). Within 60 days of the date of this order, counsel should communicate with Plaintiff, enter an appearance on his behalf, and notify the Court whether counsel intends to proceed with the second amended complaint or file a third amended complaint. Plaintiff's motion for an extension of time to file his amended complaint [5] is granted.

■[ For further details see text below.]

Docketing to mail notices.

---

# STATEMENT

Plaintiff, Eric George Golden, an Illinois prisoner incarcerated at the Stateville Correctional Center, has filed an amended complaint and a second amended complaint following the Court's November 20, 2012, order dismissing the original complaint without prejudice. Plaintiff again names as Defendants Illinois Department of Corrections ("IDOC") Director Salvador Godinez, former IDOC Director Michael Randle, former Stateville Warden Marcus Hardy, Stateville Americans with Disability Act ("ADA") Coordinator Nancy Parovich, IDOC Transfer Coordinator Sandra Funk, and former Menard Correctional Center Warden David Rednour. Plaintiff repeats his allegations that he is an amputee; he transferred from Menard to Stateville on November 23, 2010; Stateville has not adequately accommodated his disability and has only installed one grab bar in the last stall of its showers; no grab bar for his living area or shower chair have been provided; he often forgoes meals, recreation, showers, and religious services because the stairs to such activities are too difficult and painful to navigate; and his grievances and correspondence to Hardy, Parovich, and Funk have been ignored. Plaintiff seeks not only money damages but injunctive relief directing that he be transferred to Dixon or another ADA compliant facility.

Plaintiff's allegations in his second amended complaint, like those in his original complaint, do not state Eighth Amendment claims. Showering less often and "sometimes miss[ing] ... meal[s] because" of a disability do not indicate serious conditions to support a claim of deliberate indifference. *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 671 (7th Cir. 2012), citing *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir.1999) (even two meals per day on "regular, permanent basis" may satisfy Eighth Amendment if nutritionally adequate); *Collins v. Dominguez*, No. 11 C 4533, 2011 WL 5118327, *2 (N.D. Ill. Oct. 27, 2011) (Chang, J.); *see also Hayes v. Hartshorn*, No. 05-2282, 2009 WL 722579, *7 (C.D. Ill. Mar. 17, 2009) (Baker, J.) ("weekly showers with unlimited access to a washbasin does not state a claim of inhumane conditions of confinement"), citing *Davenport v. DeRobertis*, 844 F.2d 1310, 1316-17 (7th Cir. 1988). Plaintiff's allegations about missing several meals, showering less often, and foregoing recreational activities do not indicate conditions serious enough to support a constitutional claim. Therefore, based on his current allegations, his Eighth Amendment claims are

dismissed.

The second amended complaint, however, indicates that Plaintiff may be able to establish ADA and Rehabilitation Act violations. For this case, the elements of an ADA and a Rehabilitation Act claim are the same, except the Rehabilitation Act has an added requirement that the entity receives federal funds, which Illinois prisons do. *Jaros*, 684 F.3d at 672 (7th Cir. 2012); *Garfield v. Cook County*, No. 08 C 6657, 2009 WL 4015553 at *2 (N.D. Ill. Nov. 19, 2009) (Gottschall, J.). To state claims under these Acts, Plaintiff must allege facts that demonstrate: (1) he was or is a qualified individual with a disability; (2) who was denied participation in services, programs, or activities (3) because of his disability. *Jaros*, 684 F.3d at 672; *see also* 42 U.S.C. § 12132 (ADA) and 29 U.S.C. § 794 (Rehabilitation Act).

Plaintiff's allegations that he misses meals, showers less frequently, foregoes recreational and other prison activities because of his disability and insufficient accommodations can establish ADA and Rehabilitation Act violations. "Although incarceration is not a program or activity, the meals and showers made available to inmates are." *Jaros,* 684 F.3d at 672 (citations omitted). The Court notes that the accommodations at Stateville appear to be better than those described in *Jaros* (unlike *Jaros*' prison, Stateville has installed a rail in a shower stall and was going to install rails in Plaintiff's living area). Nonetheless, Plaintiff alleges that he often foregoes meals, showers, and recreation because of his disability.

Accordingly, Plaintiff may proceed with his second amended complaint; however, summonses shall not issue at this time. Because of the nature of Plaintiff's claims, the Court requests that Arthur F. Radke, Robbins, Salomon & Patt, Ltd., 180 N. LaSalle Street, Suite 3300, Chicago, IL 60601, (312) 782-9000, represent Plaintiff in accordance with counsel's trial bar obligations under Local Rules 83.11(g) and 83.37 (N.D. Ill.). Summons for service of the second amended complaint shall not issue at this time. Within 60 days of the date of this order, counsel should communicate with Plaintiff, enter an appearance on his behalf, and notify the Court whether counsel intends to proceed with the second amended complaint or file a third amended complaint.